**AID INVESTMENT AND DISCOUNT, INC., Plaintiff-Appellee, v. YOUNKIN, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 4604. Decided October 23, 1951.

Kenneth Little, McGhee, Rowe & Evans, Arthur L. Rowe, of Counsel, Columbus, for plaintiff-appellee.

Knepper, White & Dempsey, Columbus, for defendant-appellant.

## OPINION

By HORNBECK, PJ.

Plaintiff-appellant appeals on questions of law from the affirmance of an order of the Municipal Court of the City of Columbus granting a new trial to plaintiff after a judgment for $200.00 for defendant on, a verdict of a jury. Plaintiff, Investment Company, holder of a note and mortgage given by the plaintiff to J. Foster Crumley, the seller of an automobile, sued for a balance due on the note.

Defendant had made four monthly payments of $32.80 each on the note given for the sum of $492.00 and defaulted in further payment. The Investment Company, with the consent of the defendant, took the automobile, sold it to Crumley, the original vendor, credited defendant with the sale price, $282.72, and the amount sued for was $78.08, the balance claimed to be due.

Defendant answering set up several defenses,. that the plaintiff and Crumley worked in concert in the transaction whereby the note and mortgage were given and transferred to plaintiff; that the note was signed in blank and the amount afterwards filled in was not in accord with the true amount due the seller; that the Investment Company filled out the note; that the plaintiff was not a holder in due course; that the amount to be collected was excessive; that the plaintiff in reselling the automobile to Crumley did not exercise due diligence to secure the highest price. These defenses were also pleaded as causes of action on the cross-petition.

After verdict, upon motion, the trial judge granted a new trial and upon request of defendant set out as the reason for sustaining the motion that the verdict was not sustained by the evidence, §12223-2 GC. Defendant appealed to the Common Pleas Court which affirmed the order of the Municipal Court sustaining the motion for new trial. The judge who heard the appeal wrote an opinion wherein it was stated that the basis for affirming the action of the Municipal Court in sustaining the motion for new trial was prejudicial error in the charge to the jury. However, the entry journalizing the action of the Common Pleas Court was a general affirmance.

Appellant urges that the action on the appeal was erroneous because it was predicated upon an assignment of error which was not before the Court. This question is not made because we may not consider the written opinion of the trial judge as the only reason for the judgment but must be controlled by the journal entry through which the court speaks and which is broad enough to include an affirmance of the action of the Municipal Judge upon the grounds upon which he relied.

No doubt, at the time that this appeal was briefed, counsel for both parties acted upon the supposition that the order of the Municipal Court sustaining the motion for new trial was a final order. **Sec. 12223-2 GC.** The recent decision of the Supreme Court in **Green v. Acacia Mutual Life Ins. Co., 156 Oh St 1,** held otherwise. We, therefore, are required to consider upon this appeal whether or not the trial judge abused his discretion in granting the motion for a new trial. **Pullman Co. v. Webster, 130 Oh St 409,** and **Webster v. Pullman Co., 51 Oh Ap 131.**

Appellant's principal contention is that in granting the motion for new trial, the trial judge, and in affirming the judgment the Common Pleas Court, must have disregarded the two issue rule. Upon the state of the record, we must assume that both Courts acted with full knowledge of the two issue rule. There, thus, is presented two questions. One, did the Municipal Court err in holding that the verdict was against the weight of the evidence upon each and every issue properly presented to the jury? Two, if so, was such holding an abuse of discretion? If we could determine, as contended by the appellant, that the trial judge in sustaining the motion ignored the two issue rule, we would have another and different question than is projected on this record. **P. C. & St. L. R. Co. v. Porter, 32 Oh St 332, 333;** Schipper v. Brashear Truck Co. (Mo.) 132 S. W. (2d) 993, 125 A. L. R. 80.

The granting of a motion for a new trial upon factual issues is addressed to the sound legal discretion of the trial court. **Pennsylvania Fire Insurance Co. v. Carnahan, 63 Oh St 258; Smith v. Board of Education, 27 Oh St 44.** There are but two factual issues as to which there is any question whether the trial judge abused his discretion in granting a motion for new trial. They are as to the exercise of due diligence on the part of the Investment Company to secure the highest price for the automobile repossessed; if it did not observe such diligence, was defendant damaged; and whether or not defendant was entitled to any other damage and, if so, how much.

The proof of any diligence on the part of the Investment Company to secure the best price for the Olds when it was re-sold is difficult to find on the record. Plaintiff offered no testimony that it advertised the automobile; that it attempted to sell to any prospect other than Crumley or that it made any effort whatever to get any bids on the car other than that of Crumley. An agent of the plaintiff testified generally that it was the custom to make an effort to get the highest price when cars were re-sold after having been repossessed but nothing whatever was offered as to this particular sale. How-

ever, the failure to exercise due diligence in and of itself would not be conclusive that the defendant lost thereby, unless it further appeared that had the plaintiff so acted it would have secured a higher price than that for which the automobile was sold. There was testimony in the record which tended to support the conclusion that the sale price was not too low but was fair and reasonable although defendant and his father testified that the automobile was worth $600.00 or more when re-sold. Much of the evidence of the defendant tended to show that the Olds was sold to him at an exorbitant price and that he had to make extended repairs on it. He offers no proof as to the cost of such repairs. The price at which Crumley re-sold the Olds affords some support for the conclusion that it was of less value when re-sold than when the defendant bought it. We would not hold that there was no support for the sustaining of a motion for new trial upon this issue.

The proof as to the items which were included in the amount for which the note was given is sadly lacking. The defendant could have required the Crumley Company to produce its records to disclose how the sum total which was carried into the note was reached. It should be kept in mind that the review here is upon the sustaining of a motion for new trial on a judgment for the defendant on his cross-petition as to which the burden of proof was upon him to establish the extent of his damage. There seems to be no dispute that the total purchase price of the automobile in question was $550.00 and the defendant was allowed the sum of $190.00 for the Ford which he traded in on the Olds. That left a difference of $360.00 owing Crumley. To that probably was added cost of title, interest, taxes and insurance. The amount of the note was $490.00. Manifestly, if there was some refund in insurance premium due the defendant of which plaintiff had knowledge, that should have been credited to him when his automobile was sold. But this amount, or any other specific amount to which he may have been entitled as damages is not established by any proof. Had the plaintiff recovered a verdict, it would be vulnerable with respect to these items representative of any amount to which defendant was entitled as a refund but the verdict here was for the defendant and unless there is specific testimony from which the jury could make its finding, the defendant has not met his obligation of proof.

Appellant urges that the appellee was not, as a matter of law, a holder of the note in due course. The basis of this contention is that upon the face of the note, in bold type, was printed the words "Payable at the Office of Aid Investment & Discount Inc.," and on the reverse side of the note also ap-

peared the name of the plaintiff. This, alone, would not support the conclusion that the appellee was not a holder in due course. Taken with all the other circumstances developed in the testimony there may have been a question for the jury upon this issue. It is a custom of long standing for banking institutions to provide notes to their customers on the face of which is printed in large type, payable at the designated bank. To hold that this in and of itself is proof that the bank is jointly interested with the payee of a note would not be a reasonable deduction; nor, would the fact alone that an indorsee of a note makes inquiry as to the transaction wherein the note was given and the financial ability of the maker to pay establish any joint relationship between the payee and the indorsee in the acceptance of the note originally.

Appellant cites two Ohio cases for the proposition that the trial judge erred in sustaining the motion for a new trial. They are **Haffner v. Schneidl, 87 Oh Ap 143,** (Cuyahoga), and **Dyer v. Hastings, 87 Oh Ap 147** (Hardin). Both of these cases were decided upon the theory that the reviewing court could reverse if error intervened to the prejudice of the appellant without testing the error upon abuse of discretion. In neither of these cases was it required, to reverse the action of the trial judge in sustaining the motion for a new trial, to find that he abused his discretion.

If we were testing this order upon the ordinary rule controlling the determination of error and independent of the necessity for finding an abuse of discretion on the part of the trial judge before we could reverse and remand, we would be disposed to hold with the appellant.

Upon the whole record which is unsatisfactory because the evidence is not definite upon many of the issues, we cannot hold that the trial judge palpably abused his discretion in holding that the verdict was not supported by the evidence and, therefore, the Common Pleas Judge did not err on the appeal in affirming the order of the Municipal Court.

The judgment will be affirmed.

WISEMAN and MILLER, JJ, concur.